ST. FRANCIS COUNTY *v.* FOLBRE.

Opinion delivered January 7, 1899.

1. FEES OF COUNTY CLERK—MAKING SETTLEMENT.—The mere taking of proof of the attendance of a witness by the county clerk, for which he is otherwise paid, is not making a "settlement," within Sand. & H. Dig. § 3309, allowing him a fee for making settlements of accounts with the county. (Page 92.)

2. SAME—ALLOWANCES.—Under the statute allowing the county clerk a fee "for each allowance against the county" (Sand. & H. Dig. § 3309), the clerk is entitled to the fee for entering each order of allowance. (Page 92.)

3. SAME—FOR WARRANTS ISSUED.—The county clerk is not entitled to a fee for warrants made out by him pursuant to orders of the court, but not signed by him nor delivered. (Page 93.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

*E. B. Kinsworthy*, Attorney General, and *Chas. Jacobson*, for appellant.

It was error to allow the clerk fees for the warrants which he never signed nor delivered. It was also error to allow a separate fee for each item in the accounts presented for allowance and settlement. Sand. & H. Dig. § 3309; 56 Ark. 251; 57 Ark. 491. Any doubt as to the meaning of the statutes must be construed against the officer. 47 Ark. 443.

*Norton & Prewitt*, for appellee.

The clerk is required to keep a record of the amount due each person, and this amounts to an allowance and settlement. There was no error in allowing appellee fees for 454 allowances and settlements. 57 Ark. 487. It was the duty of the clerk to draw the warrants, under the order of the court, and their non-delivery is immaterial.

BUNN, C. J. This is a suit for fees alleged to be due the appellee, as county clerk, from St. Francis county, the appellant, under section 3309, Sand. & H. Dig. The appellee, while county clerk of said county, took the proof of 454 witnesses' attendance and similar claims in criminal cases, entered the order of allowance by the county court in each instance, and issued the warrants thereon, as hereinafter set forth, amounting in the aggregate to the sum of $137.90, which, together with fees for entering twenty-one orders and making as many indexes ($6.30) and 454 other indexes ($45.00), and $1.50 postage, made the sum total of the account $189.40, which was presented to the county court in due form, and disallowed as to 397 settlements of the 454, and as many of the entries of the orders of allowance of the 454 items.

It appears also that, as to the 140 of the 454 items, the warrants on the treasurer had been made out by the appellee, but neither signed by him nor delivered, but laid away for future disposal. Under this state of facts, the county court allowed, not the 454 items, but for 57 papers, in which these items were included and presented by him, and refused to allow for the 140 warrants drawn up, but not signed nor issued. So that appellee's whole claim was cut down to the sum of $96; and he appealed to the circuit court, where the whole claim was allowed as claimed by him in the first instance. Thereupon the county appealed to this court.

The mere taking of proof of the attendance of a witness by the clerk, for which he is otherwise paid, is not making a "settlement" in the meaning of the word. The witness, for instance, makes an affidavit as to the number of days he has attended. The law fixes the rest; and the clerk exercises no discretion as an accountant in the matter. Jurors' attendance is determined on certificate of the court wherein the services

were rendered. Hence the 10-cent charge for each settlement was erroneous.

The clerk, however, is entitled to 10 cents for entering each order of allowance, which in this case amounts to $45.40, and 10 cents for each warrant issued on said allowance, which in this case is 10 cents for each of the 314 items upon which warrants were actually issued and delivered, amounting to the sum of $31.40, but not anything for the 140 neither signed nor delivered, for they were not in fact issued in the meaning of the statute.

Therefore the lawful claim of the appellee is $130. The judgment of the circuit court is reversed, and the cause remanded, with direction to the circuit court to enter judgment for the said sum of $130, and to direct the county court to make the allowance for that amount. The appellee will pay the costs of this appeal.

The items allowed as lawful are. .

|  |  |  |  |
|---|---|---:|---:|
| 21 | orders | $ 4 | 20 |
| 21 | indexes | 2 | 10 |
| 454 | allowances. | 45 | 40 |
| 454 | indexes | 45 | 40 |
| 314 | warrants | 31 | 40 |
|  | Postage | 1 | 50 |
|  | Total | $130 | 00 |